UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.                                    Action No. 3:07–CR-374

CHONG LAM, *et al.*,

　　　　　　　　Defendants.

MEMORANDUM OPINION

THIS MATTER is before the Court on several evidentiary and miscellaneous trial Motions filed by the parties in the above case. Defendants Chong Lam, Siu Yun Chan a.k.a. Joyce Chan, and Eric Yuen filed five (5) Motions in Limine (Doc. Nos. 253, 254, 255, 256 & 257) and the Government filed one (1) Motion in Limine (Doc. No. 258) which were heard by this Court on May 19, 2010. The Court ruled on these Motion by Order on May 20, 2010. (Doc. No. 267.) Also pending are two other trial Motions filed by the Government (Doc. Nos. 273 & 277), which were ruled on from the bench, and Defendant Eric Yuen's Motion to Dismiss and Objection to Jury Instructions. (Doc. No. 211). For the reasons stated herein, and pursuant to the Court's May 20, 2010 Order, the Motions are resolved as listed below.

I. BACKGROUND

Defendants Chong Lam and Joyce Chan were charged in a seven-count Indictment with six (6) counts of Conspiracy, Trafficking in Counterfeit Goods, and Smuggling Goods into the United States in violation of various sections of Title 18 of the United States Code. Defendant Eric Yuen

1

was charged with four (4) of the same counts of Trafficking in Counterfeit Goods and Conspiracy.

The Defendants pled not guilty to the charges, and this Court held a jury trial for all Defendants from June 2, 2010 to June 10, 2010. On June 10, 2010, the jury found Defendants Joyce Chan and Chong Lam guilty of Counts 1, 2, 5, 6 & 7 of the Indictment and not guilty on Count 4 of the Indictment, Trafficking in Counterfeit Goods. The jury acquitted Defendant Yuen of all charges.

## II. DISCUSSION

### 1. Defendants' Motion to Exclude Norfolk Seizures (Doc. No. 253)

Defendants' Motion to Exclude Norfolk Seizures is DENIED. Defendants' arguments about the differences between the Gucci Square G and the "Global" Square G, as well as the differences between the Burberry Novacheck Plaid and "Global" Plaid are arguments for the jury regarding whether or not the items seized in Norfolk were counterfeit. The Court cannot say as a matter of law that the "Global" products were not counterfeit, therefore the exclusion of those items is not appropriate.

### 2. Defendants' Motion to Exclude Government's Use of Allegedly Counterfeit Marks and Customs/Border Notices (Doc. No. 254)

Defendants' Motion to Exclude the Government's Use of Allegedly Counterfeit Marks is DENIED. The allegedly counterfeit marks and the corresponding notices to particular Defendants or Defendant-owned or controlled companies are relevant to demonstrate the Defendants' intent and knowledge regarding the counterfeit marks actually charged.

### 3. Defendants' Motion to Limit the Government's Use of the Word "Counterfeit" and Exclude Admission of Opinion Testimony (Doc. No. 255)

Defendants' Motion to Limit the Government's Use of the Word "Counterfeit" and Exclude

Admission of Opinion Testimony is DENIED in part and GRANTED in part.  As stated by this Court in its May 20, 2010 Order:

> It is GRANTED with respect to the Government, which in its questions shall refer to the relevant items as "alleged counterfeit."  The Motion will be DENIED with respect to those witnesses involved in the shipping and transportation chain of the relevant items who may use the term "counterfeit" in explaining their courses of action.  There are also certain instances in the transcript from the first trial where witnesses were asked about items recovered, and responded using the term "substantially indistinguishable."  This goes beyond the use of the word "counterfeit," and is opinion testimony that will not be permitted.

See Ct.'s May 20, 2010 Order.  Witnesses should be able to use a term they commonly use in carrying out their professional responsibilities and explain why they behaved as they did in seizing shipments.  The Court's limiting instructions pre-trial, during trial, and post-trial eliminated any risk of prejudice to Defendants.  Additionally, lay witnesses were prevented from expressing their opinions about the term "substantially indistinguishable."

4.  Defendants' Motion to Declare the Term "Substantially Indistinguishable" Unconstitutionally Vague, or to Clarify (Doc. No. 256)

Defendants' Motion to Declare the Term "Substantially Indistinguishable" Unconstitutionally Vague is DENIED.  The term is not unconstitutionally vague.  There is no legal authority declaring the statute unconstitutional, and Congress made a choice not to further define the phrase, instead giving guidance as to how it should be applied.  Congress clearly understood that the definition of "substantially indistinguishable" would have to be elaborated on a case-by-case basis.  Additionally, the Court's instruction on the term "substantially indistinguishable" provides clarity and guidance regarding how to apply the term to their deliberations.

5.  Defendant Eric Yuen's Motion Regarding Rule 404(b) Evidence and Organizational Chart (Doc. No. 257)

Eric Yuen's Motion regarding Rule 404(b) evidence of prior convictions and organizational

3

chart is DENIED.  The issue of Yuen's alleged knowing and willful mens rea is highly relevant and not unduly prejudicial, especially when considered in conjunction with the Court's limiting instruction.

With respect to the organizational chart, the Court finds that it is validly admitted evidence. The Defendant could and certainly did point out the shortcomings of the chart as proof of Defendant's true role in the company.

### 6.  Government's Motion to Preclude Improper References to the First Trial (Doc. No. 258)

The Government's Motion to Preclude Improper References to the First Trial is GRANTED.  Improper references would lead to the risk of confusion, resulting in a potential for prejudice to both sides.  The fact of a prior trial and/or the results of the same are inappropriate for comment or argument by counsel.

### 7.  Government's Motion to Admit Government Exhibit 884 (Doc. No. 273.)

For the reasons stated from the bench, the Government's Motion to Admit Exhibit 884 is GRANTED.

### 8.  Government's Motion to Reconsider Evidentiary Ruling Excluding Testimony of eBay Witnesses (Doc. No. 277)

For the reasons stated from the bench, the Government's Motion to Reconsider Evidentiary Ruling is DENIED as MOOT.

### 9.  Eric Yuen's Motion to Dismiss and Objection to Jury Instructions (Doc. No. 211)

Defendant Eric Yuen's Motion to Dismiss from the prior trial is DENIED as MOOT.

## IV.  CONCLUSION

For the reasons outlined above, and per the Court's May 20, 2010 Order (Doc. No. 267), the Court resolves the motions as stated.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record. An appropriate Order shall issue for those Motions not resolved in the Court's May 20 Order.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

ENTERED this 23rd day of August 2010